IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

THOMAS R. CHAVEZ

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Thomas R. Chavez, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

### PARTIES

1. Plaintiff, Thomas R. Chavez, is a natural person and citizen of the State of Colorado, who resides in Lakewood, with a current mailing address of 5885 West Arkansas Avenue, Lakewood, Colorado 80232.

2. Defendant, the Unum Life Insurance Company of America ("Unum") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of group disability insurance claims. The Defendant's registered agent for service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured an employee benefit plan which provides long-term disability ("LTD") and other insurance benefits to employees of ALTA, a fuel transport and trucking company ("ALTA"). Upon information and belief, the Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA"). Upon further information and belief, the Plan has delegated to Defendant Unum its obligation to make all benefit decisions at issue in this claim, and Defendant also acts as the Plan's insurer.

4. At all pertinent times, Plaintiff was a full-time employee of ALTA and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the policy issued by Defendant to ALTA.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA Plan/policy, pursuant to 29 U.S.C. §1132, ERISA §503..

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by ALTA as a Fuel Transport Driver, which is a position that required driving a fuel truck, lifting up to 50lbs, bending, twisting, reaching, crawling and climbing. The position therefore requires both the strenuous physical activity.

9. The position also requires a commercial driver's license ("CDL").

10. In or around May, 2020, Plaintiff was diagnosed with a flare-up of vertigo dysfunction, which causes episodes of dizzy spells, loss of balance and equilibrium, and the like.

11. Eventually, Plaintiff was unable to continue working on a regular and full-time basis due to his dizzy spells, as of May 27, 2020.

12. These issues prohibit Plaintiff from continuing to perform the requirements of his job at ALTA (or any other occupation) on a regular, full-time and consistent basis, as of May 27, 2020.

13. Plaintiff's illness prevents him from operating under his CDL until he has received medical clearance.

14. Plaintiff cannot receive medical clearance until he has been symptom free (no dizzy spells) for two months.

15. Plaintiff has not received medical clearance for his CDL, as he continues to experience dizzy spells.

16. Plaintiff's position requires the ability to work on a full-time basis, including but not limited to the ability to perform the tasks referred to above on a consistent basis. This includes, but is not limited to, the ability to safely drive a fuel truck.

17. As the aforementioned conditions prevented him from working on a full-time and regular basis, and from otherwise performing the other material requirements of his own occupation, Plaintiff applied to his employer for short-term disability benefits, which were approved, and paid in full.

18. Thereafter, Plaintiff applied for LTD benefits with the effective disability date of May 27, 2020.

19. The Plan provides for LTD if, due to sickness or injury, the employee is disabled from his own occupation during the Plan's own occupation period of 24 months (and thereafter if disabled from any gainful occupation).

20. At all pertinent times Plaintiff:

    a. Suffered from a sickness/illness; and

    b. Was unable to perform the essential duties of his own occupation (due to said sickness.

21. On or about October 15, 2020, Defendant denied Plaintiff's claim for LTD benefits.

22. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical documentation and other information in support of his claim, including additional letters of support and/or medical records from his treating physician and/or others.

23. Plaintiff also included additional information with his appeals, including medical records demonstrating the nature and extent of his ongoing disability and including supporting statements from his physician.

24. Defendant refused to alter its position and issued its final denial of Plaintiff's claim on or about January 12, 2021.

25. Defendant's determination is against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

26. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents him from engaging in his own or any other general occupation.

27. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

28. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

29. Plaintiff has been damaged by Defendant's wrongful conduct, including that he has lost needed LTD benefits.

**CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

30. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

31. At all pertinent times, Defendant was a claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

32. Defendant was otherwise delegated the authority to administer claims for LTD benefits by the Plan.

33. At all pertinent times, Plaintiff met the criteria for LTD under the Plan including that he was unable to perform the functions of his own occupation and provided reasonable documentation (medical or otherwise) of that fact.

34. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

35. Defendant's wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

   B. Failing to provide an adequate review and appeal;

   C. Failing to act in Plaintiff's best interests;

   D. Failing to consider credible evidence of functional impairments;

   E. Failing to reasonably interpret and apply the terms of the Plan;

   F. Failing to conduct a reasonable investigation; and/or

   G. Otherwise failing to reasonably and properly interpret and implement all Plan provisions.

36. As a matter of law, Defendant has an inherent conflict of interest in this matter as claims administrator and guarantor.

37. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits.

## DAMAGES

38. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant Unum and/or the Plan as follows:

    A.    A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

    B.    An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct;

    C.    Retroactive reinstatement LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claim for future LTD disability benefits.

    D.    Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

    E.    Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1); and

    F.    Such other and further relief as this Court deems just and appropriate.

Dated this 21st day of January, 2021.

                                      SILVERN & BULGER, P.C.

                                      *s/Thomas A. Bulger, Esq.*

                                      _____
Thomas A. Bulger, Esq.
Counsel for Plaintiff
4800 Wadsworth Boulevard, Suite 307
Wheat Ridge, Colorado   80033
(3030 292-0044
Facsimile (303) 292-1466
Email: counsel@silvernbulger.com

**Plaintiff's address:**

5885 W. Arkansas Avenue
Lakewood, Colorado 80232